**UNITED STATES of America,
Plaintiff-Appellee**

v.

**Charles Edward JOHNSON,
Defendant-Appellant**

**No. 16-50673
Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Date Filed: 12/15/2016

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff-Appellee

Charles Edward Johnson, Pro Se

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Charles Edward Johnson, federal prisoner # 83808-180, seeks to proceed in forma pauperis (IFP) in his appeal from the district court's denial of his May 2016 18 U.S.C. § 3582(c)(2) motion to reduce his sentence of 365 months of imprisonment, imposed following his conviction of possession with intent to distribute at least five grams of a mixture or substance containing cocaine base ("crack" cocaine) within 1000 feet of a public elementary school. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (2006); 21 U.S.C. § 860(a). By moving to proceed IFP, Johnson is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Johnson erroneously contends that Amendment 591 to the Sentencing Guidelines prohibits judicial fact-finding regarding the quantity of drugs attributable to a defendant. Based on his incorrect understanding of the amendment, Johnson avers that he had the right not to be sentenced based on "false or unreliable information" as to the drug quantity involved in the offense.

Amendment 591, effective November 1, 2000, clarified that, "in order for enhanced penalties in § 2D1.2 to apply, the defendant must be convicted of an offense referenced to § 2D1.2, rather than simply have engaged in conduct described by that guideline." U.S.S.G. App. C, Amendment 591 (Nov. 2000). Amendment 591 applies retroactively. U.S.S.G. § 1B1.10(c), p.s. (Nov. 2000). The amendment did not lower Johnson's sentencing range because he was, in fact, "convicted of a statutory violation of drug trafficking in a protected location," specifically, § 860. *See* U.S.S.G. App. C, Amendment 591 (Nov. 2000); *see also*

---

§ 2D1.2 (2001) & comment. Because the amendment did not lower Johnson's sentencing range, he was not eligible for a sentence reduction under Amendment 591 and his appeal presents no nonfrivolous issue. *See* § 1B1.10(a); *Dillon v. United States,* 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010); *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983).

IT IS ORDERED that Johnson's request for leave to proceed IFP is DENIED, and his appeal is DISMISSED AS FRIVOLOUS. *See Baugh,* 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. His motion for release on bail pending appeal and all other outstanding motions are likewise DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.